**EAST OHIO GAS CO. v SHERMAN**

Ohio Appeals, 9th Dist, Summit Co.

No. 3046.   Decided Oct. 13, 1938.

Frank & Ream, Akron, and J. Edw. Schenz, Akron, for appellant.

James W. Harrah, Akron, for appellee.

**OPINION**

PER CURIAM:

A tenant of a dwelling house equipped with a coal-burning furnace entered into an agreement of lease with The Thomas Merryweather Co. for the installation of a gas burner in the furnace, which installation could be made, and which article could be removed, without damage to the real estate. The parties agreed that the equipment should remain the property of the lessor or his assigns and should not be considered a fixture or a part of the real estate, and that if the same were removed by the lessor the lessor should restore the premises to the same condition in which they were prior to the installation, and the lessee agreed to pay a stipulated rental each month for the use of the burner, without acquiring any interest therein.

The agreement was in writing, and the owner of the premises consented to the terms and provisions of the agreement, and further agreed that the equipment should remain the personal property of the lessor and his assigns, that the same should not be considered a fixture or a part of the real estate, and that it could be removed in accordance with the terms of the agreement. Thereafter the contract of lease was assigned by the Thomas Merryweather Co. to the East Ohio Gas Co., plaintiff below and appellant here. No public record of such agreement was required by law.

On the 21st day of May, 1935, subsequent to the installation of said equipment, the premises in question were sold by the liquidator of the First-Central Trust Co., the owner thereof, to Louise J. Sherman, defendant below and appellee here, who took possession of the premises without any knowledge of the contract of lease for said burner, and used the same for many months.

Thereafter, after learning of said lease when rental was demanded, Mrs. Sherman refused to pay rental for the use of the burner or to give up the burner to the appellant (The East Ohio Gas Co.); whereupon the applicant notified the appellee in writing that the lease agreement was cancelled, and demanded the return of the burner. Upon refusal for thirty days on the part of Mrs. Sherman to return the burner, an action in replevin was instituted in the Municipal Court of Akron, Ohio, to recover possession of the burner.

No jury was demanded, and the case was submitted in the trial court upon an agreed statement of facts, which was duly filed among the papers in the case, and upon consideration thereof the trial court entered his finding in favor of the defendant and denied the relief sought in the petition. Appeal on questions of law brings the matter into this court for review.

On the record, we hold that the contract in question was not a sale, conditional or otherwise; that there was no contingency or circumstance by which the lessee could acquire title to the burner, which was personal property; and that, as between the parties, the agreement between the tenant and the owner of the burner and the owner of the premises was such as to prevent the burner from becoming a part of the real estate.

The general rule applicable to personal property is that an owner should be deprived of his property without his consent except by due process of law, and that accordingly no man can get a title to chattels from a person who, himself, has no title to them and no right on behalf of the owner to convey a title to them. It is recognized, of course, that an owner may so conduct himself as to be estopped from

asserting his title against an innocent purchaser from the bailee, but in this case the purchase was not from the tenant, the bailee, but from the owner of the premises.

Relating to estoppel, there is a rule or doctrine that where one of two innocent parties must suffer, he who designedly or by negligence made the loss possible must bear the loss; but by the great weight of authority, this doctrine or rule cannot be so applied as to deprive the owner of his title to a chattel who never meant to dispose of it at all, nor to enable any one else to affect his title, where he never gave to any one an indicia of title, where he never did any act with regard to it which he might not properly and fairly do in the management and prosecution of his own affairs, and where he was in no wise negligent.

In the instant case nothing is shown in the agreed statement of facts or the record as to how said burner was installed so as to enable us to determine that it was a fixture; nothing is shown in the record concerning the connection of the tenant (bailee) with the sale of the premises except that he showed the premises to the appellee and "does not recall of telling her about the rental agreement covering the gas burner," and that no "notice" was given her about said agreement. Such facts, in view of the perfect title of appellant shown in the record, would be of importance only in the event that the appellee purchased said burner as a part of the premises, because if she did not so purchase said burner she had no right to the possession of the same and no ground for contesting the right of the appellant to take possession of the burner.

On this vital and important subject, it is proper to observe that no answer or pleading of any kind was filed on behalf of the appellee; no detailed facts as to the sale of said premises to appellee are shown in the record; the terms of the deed to her which would disclose whether she purchased the burner as a part of the premises are not shown in the record. Reliance of right to possession being based on estoppel, not plead, we cannot assume that the deed did not contain a provision excepting the burner from the operation of the deed; and especially is that so where the record fails to disclose facts showing that the burner was installed so as to become a fixture.

As a basis for estoppel, it was necessary for the appellee to establish her right to the possession of the burner by the deed, for that was the only basis for her claim.

This is not an action between the appellee and the grantor in the deed; it is an action between two parties, one of whom shows a perfect title as against the grantor in the deed; and the other, in order to overcome that title by estoppel, must show at least prima facie title from the grantor, and that is not done by simply showing that the real estate was conveyed to her, without showing the terms of such conveyance so as to enable the court to determine whether the conveyance included the burner.

In connection with this statement, it must be kept in mind, as we have heretofore pointed out, that no answer was filed by the appellee and no issue of estoppel was plead. We are not saying that it is necessary to plead estoppel where a case is submitted upon an agreed statement of facts, but we are saying that where no estoppel is plead and the case is submitted on an agreed statement of facts in a replevin case, it is incumbent upon the party claiming estoppel to bring before the court facts which would enable the court to determine that he is in a position to claim estoppel.

On the record we hold that appellant is not estopped from insisting upon his title.

We therefore hold that the trial court erred in finding the issues joined in favor of the appellee, and the judgment of that court is hereby reversed; the facts not being in dispute, this

court, proceeding now to render the judgment which the trial court should have entered, finds that at the commencement of this action the appellant was entitled to the possession of the burner described in the petition, and that the appellee unlawfully detained the same. Under the evidence, nominal damages only, in the sum of $1, are allowed. An appropriate entry may be furnished by counsel.

STEVENS, PJ., WASHBURN, J., and DOYLE, J., concur.